IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| AMANDA NICOLE HESTER, | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * CASE NUMBER: 3:13-cv-093-DHB-BKE |
| | * |
| LAURENS COUNTY BOARD OF | * |
| COMMISSIONERS, W. A. HARRELL, in | * |
| his official capacity as Sheriff of Laurens | * |
| County, THAD DELOACH, in his | * |
| individual and official capacities, and | * |
| WILLIAM MEEKS, in his individual and | * |
| official capacities, | * |
| | * |
| Defendants | * |

## AMENDED RULE 26(f) REPORT

1. **Date of Amended Rule 26(f) conference:**

   August 11, 2014.

2. **Parties or counsel who participated in conference:**

   William R. Claiborne, Esquire (126363)
   410 East Bay Street
   Savannah, GA 31401
   (912) 236-9559
   (912) 236-1884 FAX

   Counsel for Plaintiff


   Richard K. Strickland, Esquire
   BROWN, READDICK, BUMGARTNER,
   CARTER, STRICKLAND & WATKINS, LLP
   Post Office Box 220
   Brunswick, GA 31521
   (912) 264-8544

   Counsel for Defendants

3.  **If any defendant has yet to be served, please identify the defendant and state when service is expected.**

    The defendants named in the Complaint have been served.

4.  **Date the Rule 26(a)(1) disclosures were made or will be made:**

    The parties have agreed that the disclosures will be made on or before September 10, 2014.

5.  **If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,**

    (a)  **Identify the party or parties making the objection or proposal:**

    The parties have jointly agreed to extend the deadline for making initial disclosures as noted in Paragraph 4 above.

    (b)  **Specify the objection or proposal:**

    See Subparagraph (a).

6.  **The Local Rules provide a 140 day period for discovery. If any party is requesting additional time for discovery,**

    (a)  **Identify the party or parties requesting additional time:**

    None at this time.

    (b)  **State the number of months the parties are requesting for discovery:**

    140 days from filing of the Amended Rule 26(f) Report.

    (c)  **Identify the reason(s) for requesting additional time for discovery:**

    _____    Unusually large number of parties

    _____    Unusually large number of claims or defenses

    _____    Unusually large number of witnesses

    _____    Exceptionally complex facial issues

   _____  Need for discovery outside the United States

   _____  Other

 (d) **Please provide a brief statement in support of each of the reasons identified above:**

 See, subparagraph (a).

7. **If any party is requesting that discovery be limited to particular issues or conducted in phases, please**

 (a) **Identify the party or parties requesting such limits:**

 N/A

 (b) **State the nature of any proposed limits:**

 N/A

8. **The Local Rules provide, and the Court generally imposes, the following deadlines:**

| | |
|---|---|
| **Last day for filing motions to add or join parties or amend pleadings** | 60 days after issue is joined |
| **Last day to file expert witness report by plaintiff** | 60 days after filing of Amended Rule 26(f) Report |
| **Last day to file expert witness report by a defendant** | 90 days after filing of Amended Rule 26(f) Report (or 60 days after the Answer, whichever is later) |
| **Last day to file motions** | 30 days after close of discovery |

**If any party requests a modification of any of these deadlines,**

 (a) **Identify the party or parties requesting the modification:**

 N/A

 (b) **State which deadline should be modified and the reason supporting the request:**

    See, subparagraph (a).

    1. **Last day for filing motions to add or join parties or amend pleadings**:

    2. **Last day for plaintiff to file expert witness reports**:

    3. **Last day to file expert witness report by a defendant**:

9. **If the case involves electronic discovery,**

    (a) **State whether the parties have reached an agreement regarding the preservation, disclosure, or discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:**

    Pursuant to Fed.R.Civ.P. 26, the parties have discussed the retention, disclosure and discovery of electronically stored data and agree that they are preserving all relevant electronically stored information in appropriate media. Defendants agree to produce emails as .pst files when they exist in that format. Both Plaintiff and Defendants agree to produce any and all other electronically stored information, including emails, in native format when possible and as .pdf files when not available in native format or when a separate copy of a file has been maintained in non-native format. The parties agree that production of electronically stored information in native format does not require production of metadata within native files, other than sufficient information for the receiving party to navigate and access the included data and to verify authorship, authenticity, transmission, and receipt of such electronically stored information.

    (b) **Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:**

    None.

10. **If the case is known to involve claims of privilege or protection of trial preparation material,**

    (a) **State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:**

    At this time, the parties are not aware of privilege or protection of trial preparation material inasmuch as discovery has not begun.  If such issues arise during the

course of discovery, or trial, each party reserves it right to present such issues to the court.

(b) **Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):**

See Subparagraph (a).

(c) **Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:**

See Subparagraph (a).

11. **State any other matters the Court should include in its scheduling order:**

None.

12. **The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case.  Please state any specific problems that have created a hindrance to the settlement of the case:**

Plaintiff is willing to discuss settlement at any time.  Without the opportunity to depose available witnesses, including parties and non-parties, defendant can make no realistic evaluation of this matter in order to engage in meaningful settlement discussions.

This 11th   day of August, 2014.

/s/ William R. Claiborne
William R. Claiborne, Esquire (126363)
410 East Bay Street
Savannah, GA 31401
(912) 236-9559
(912) 236-1884 FAX

Counsel for Plaintiff

/s/ Richard K. Strickland
Richard K. Strickland
Georgia Bar Number: 687830
**Attorneys for Defendants**
BROWN, READDICK, BUMGARTNER
CARTER, STRICKLAND & WATKINS, LLP
5 Glynn Avenue
Post Office Box 220
Brunswick, GA 31521
(912) 264-8544
(912) 264-9667 FAX
rstrickland@brbcsw.com