IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| AMANDA NICOLE HESTER, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| vs. ) | CASE NO.: 3:13-CV-093-DHB-BKE |
| ) | |
| THAD DELOACH and ) | |
| WILLIAM MEEKS, ) | |
|     Defendants. ) | |
| ) | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND
THE COURT'S MAY 26th ORDER**

COMES NOW Plaintiff, Amanda Nicole Hester, by and through counsel and, pursuant to Rule 59 of the Federal Rules of Civil Procedure, submits her Motion to Alter or Amend Judgment and Incorporated Brief in Support (hereinafter, "Motion to Amend"), respectfully showing the Court as follows:

**I.  STATEMENT OF FACTS**

On April 15, 2015, the undersigned counsel filed a Motion to Withdraw as counsel for the Plaintiff.  At that time, the Plaintiff had failed to communicate with her counsel for a significant period of time.

Correspondence had been sent via certified mail to the Plaintiff on March 23, 2015 at her last known address, to wit: 784 Bass Lane, Lot 1, Dublin, GA 31021, advising of counsels' intent to withdraw from representation of Plaintiff.

Ms. Hester signed the "green card" upon receipt of said letter. Further, after receipt of said letter, Ms. Hester did not contact either of her attorneys.

On or about May 13, 2015, counsel for the Defendant served the Plaintiff with a notice to take her deposition on May 26, 2015.

Shortly before said deposition, the Plaintiff contacted the undersigned and expressed remorse for failing to be in contact with her counsel.  Counsel informed her that, if she attended her deposition on May 26th, the Motion to Withdraw would be withdrawn.

On May 26, 2015, the Plaintiff arrived promptly for her deposition, and her deposition was taken by counsel for the Defendant.  Counsel for the Plaintiff informed counsel for the Defendant that the Motion to Withdraw would be withdrawn.

While counsel was in the process of crafting a Motion to Withdraw the previous Motion to Withdraw as Counsel of Record, the Court entered its May 26, 2015 Order granting the Motion to Withdraw and, to the surprise of both counsel for the Plaintiff and counsel for the Defendant, dismissed the Plaintiff's case with prejudice.

Counsel for Plaintiff did not request dismissal of the case in the Motion to Withdraw, nor did the Plaintiff have any notice that the Court would, *sua sponte*, dismiss the action.

**II. ARGUMENT AND CITATION TO AUTHORITY**

"The decision whether to alter or amend a judgment pursuant to Rule 59(e) is 'committed to the sound discretion of the district judge.'" *Mincey v. Head*, 206 F. 3d 1106, 1137 (11th Cir. 2000) (quoting *American Home Assurance Co. v. Glenn Estess & Assocs.,* 763 F.2d 1237, 1238–39 (11th Cir. 1985)). [1]  While a litigant may not use a motion to alter or amend as a "vehicle to relitigate old matters," *Mincey*, at 206 F. 3d at 1137, n. 69, the Plaintiff may use such a motion to show the Court a "substantial change in the factual or legal underpinning of the facts and

---

[1] A trial court abuses its discretion if it "fails to apply the proper legal standard or to follow proper procedures in

circumstances relied upon by the district court in granting [the previous motion]." *See Dixon v. Bd. of Regents of Univ. Sys. of Georgia*, 378 F. App'x 903 (11th Cir. 2010). Based on the newly-discovered evidence introduced above, and as argued more fully below, the Court has legitimate grounds for granting Plaintiff's Motion to Amend. *See Arthur v. King*, 500 F. 3d 1335, 1343 (11th Cir. 2007).

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 59(e), a party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. Three major grounds justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). It is upon the second and third grounds, the availability of new evidence, and the prevention of manifest injustice, that Plaintiff now moves the Court.

#### 1. Previously unavailable evidence renders the Court's May 26th Order erroneous.

As outlined above, new evidence came into existence on the morning of May 26th, when Plaintiff appeared for her deposition, and stated her desire to move forward with her case. Undersigned counsel determined that the proper course would be to permit defense counsel to proceed with the deposition at the scheduled time, and to withdraw the Motion to Withdraw at the conclusion of the deposition.

As stated above, while counsel was in the midst of drafting a Motion to Withdraw the Motion to Withdraw as Counsel, the Court, unaware of the new evidence that had just come into existence mere hours prior, entered its May 26th Order. The existence of this new evidence, not

previously available to either counsel or the Court, constitutes sufficient grounds for altering or amending the Court's prior Order.

**2. To leave the Court's previous Order unaltered would result in manifest injustice.**

In its May 26th Order, the Court dismissed Plaintiff's case with prejudice. Dismissal with prejudice, for Plaintiff's failure to prosecute her case, is proper only where the district court "finds a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Smith v. Clemons*, 550 F. App'x 822, 823 (11th Cir. 2013) (quoting *Zocaras v. Castro,* 465 F. 3d 479, 483 (11th Cir.2006)). "[F]indings satisfying both prongs of our standard are *essential* before dismissal with prejudice is appropriate." *Id.* (quoting *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1339 (11th Cir. 2005) (emphasis in original)). "Mere negligence or confusion does not justify a finding of willful misconduct." *Id.* (citing *Zocaras v. Castro,* 465 F.3d 479, 483 (11th Cir. 2006)).

Here, there is no clear record of "willful contempt." The Court has the power to control its docket, including the power to dismiss a case. *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). In *Burden*, however, the old Fifth Circuit panel reversed the lower court's dismissal of a plaintiff's case because the Court concluded that the plaintiff was merely negligent in his failure to comply with the district court orders and had not acted in bad faith. *Id*. Here, Plaintiff did not purposefully delay her case, nor did she act in bad faith. Moreover, the Court made no finding of either fact. Additionally, that the Plaintiff arrived and sat for her deposition is inconsistent with such a finding.

Nor did the Court find that lesser sanctions would be inadequate. Dismissal with prejudice of an action is "a severe sanction that it is to be used only in extreme circumstances."

*Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citing *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 213 (5th Cir. 1976)). "[L]esser sanctions would suffice in all but the most flagrant circumstances." *Id.*

Even the *Burden* plaintiff who "failed to obey the clear directives of the district court" and demonstrated, "at best, a sorely deficient approach to litigation" was entitled to a lesser sanction than dismissal. 644 F.2d at 504. Here, there was no notice or directive from the Court that dismissal would result from Plaintiff's Counsel's Motion to Withdraw, much less the imposition of a lesser sanction, as the *Burden* standard requires. Instead, while Plaintiff did fall out of touch with counsel for a period of time, when it mattered most, Plaintiff showed up.

### III. CONCLUSION

Plaintiff does not "ask the Court to rethink what [the Court] ha[s] already thought through—rightly or wrongly,"[2] but rather asks the Court to consider evidence that was not previously available to it. Plaintiff further argues that the Court has within its power the ability to correct a manifest injustice, the lost opportunity for Plaintiff to be heard. For these reasons, Plaintiff respectfully requests that the Court alter or amend its May 26th Order to remove the dismissal of the case and to permit the undersigned to withdraw the previously filed Motion to Withdraw.

{Signatures follow on next page.}

---

[2] *Morning Star Associates, Inc. v. Unishippers Global Logistics, LLC*, No. CV 115-033, 2015 WL 3650192, at *1 (S.D. Ga. June 10, 2015)

RESPECTFULLY SUBMITTED, this 23rd day of June, 2015.

                THE CLAIBORNE FIRM, P.C.

                /s/: *William R. Claiborne*
                WILLIAM R. CLAIBORNE
                Georgia Bar Number: 126363
                *Attorney for Plaintiff*

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
will@claibornefirm.com

                S. WESLEY WOOLF, P.C.

                /s/: *S. Wesley Woolf*
                S. WESLEY WOOLF
                Georgia Bar Number: 776175
                *Attorney for Plaintiff*

408 East Bay Street
Savannah, Georgia 31401
(912) 201-3696 Telephone
(912) 236-1884 Facsimile
woolf@woolflawfirm.net

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION**

| | |
|---|---|
| **AMANDA NICOLE HESTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CASE NO.: 3:13-CV-093-DHB-BKE** |
| ) | |
| **THAD DELOACH and** ) | |
| **WILLIAM MEEKS,** ) | |
| Defendants. ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing "Motion to Set Aside" via ECF/CF addressed to the following:

Steven G. Blackerby
BROWN, READDICK, BUMGARTNER,
CARTER, STRICKLAND & WATKINS, LLP
SBlackerby@brbcsw.com
5 Glynn Avenue
Post Office Box 220
Brunswick, Georgia 31521

This 23rd day of June, 2015.

/s/ William R. Claiborne
WILLIAM R. CLAIBORNE
*Attorney for Plaintiff*
Georgia Bar Number: 126363

410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
will@claibornefirm.com